*Attorney-General* (*Sullivan*) and *Richardson* for the plaintiff.
*Parsons* and *Wheaton* for the defendants.

---

## JOSEPH DUDLEY *versus* ELIZABETH SUMNER.

*Practice.*—Pleading double allowed in some cases at the second term.

THIS was a *real* action entered at the last term of this Court, when the tenant appeared, and had liberty to imparl till the present

---

*Swambly* vs. *Herby*, vol. iv. 441, which must be considered as overruling the present so far as relates to this point. It is now settled that a grantor who has no interest, is competent to prove his deed fraudulent. Vol. xi. 498, *Laker* vs. *Haynes*.

term, that she might vouch *A.* and *B.* to warrant the premises to her.

The *summoneas ad warrantizandum* was duly issued, and returned on the first day of the present term, when the vouchers were called, but made default. And now, on the second day of the term, the tenant's counsel moved for leave to plead double; which was objected to by the counsel for the demandant; the motion not being, according to the rule of the Court, made in season. The rule is, "that no motion for double pleading shall be made to the Court after the first day of the term in which the action is entered." To this it was *answered that the tenant had a right to expect that her warrantors would appear on the summons, and take on them the defence of the action; that there had been no delay in issuing or in serving and returning the summons, and that the motion had been made as soon after the default of the warrantors, as, from the situation and circumstances of the business before the Court, it was in the power of the counsel to make it.

[ * 95 ]

The Court (*Dana,* C. J., *Sedgwick,* and *Thacher,* justices) said that the motion was made in season, within the reasonable construction of the rule; and gave leave to plead double, as prayed for.