Robert McMillan *et al.*

*v.*

Mary F. McDill *et al.*

*Filed at Ottawa May 19, 1884.*

1. Evidence—*admission by one, as to joint interest—whether binding on all.* Where parties have a joint interest in a matter in suit, an admission made by one is in general competent evidence against all.

2. Same—*on contest of will—as to sanity of testator—admissions of devisee or legatee.* In the case of several legatees or devisees, however, who take, not a joint interest, but separate interests, the declarations or admissions of a portion only of them, are not competent to show the insanity or want of mental capacity of the testator, on bill in chancery to contest the validity of the will on that ground, and it is error to admit such evidence,

though limited by the court to the party or parties making the same. The effect of such testimony upon the issue involved, the validity or invalidity of the will, could not be so limited but that if it operated against the legatee or devisee making the admissions, it must operate against all who claimed under the will. It seems the rule is different as to the declarations of a sole legatee or devisee.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henderson county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. STEWART & STEWART, Mr. JNO. SIMPSON, and Mr. R. J. GRIER, for the appellants:

The admissions of one who is not the sole party in interest in contest of a will, whether on record or not, are not evidence. *Bauerman* v. *Radenius*, 2 Smith's L. C. 396.

An opinion said to have been expressed by one of the devisees that the testator was insane, is not admissible to prove his insanity. *Phelps et al.* v. *Hartwell*, 1 Mass. 71; 1 Greenleaf on Evidence, 255; 3 Phillips on Evidence, 391, 397.

A common or several interest does not render the statements of the one party admissible against the other, unless they were made in the presence and hearing of the latter. *Crippen* v. *Morse*, 49 N. Y. 63; *Buchanan* v. *Barnum*, 15 Conn. 68; *Peck* v. *Yorks*, 47 Barb. 131; *Dunn* v. *Brown*, 4 Conn. 483.

As to the distinction between joint and common interests, see 1 Addison on Contracts, 78, 88; 1 Parsons on Contracts, 11; 1 Story on Contracts, sec. 32.

The above reasoning will apply to declarations or admissions proven against our objection, of other of the legatees.

Messrs. KIRKPATRICK & ALEXANDER, and Mr. RAUS COOPER, for the appellees:

Upon the question of the admissibility of the general declarations or admissions of one not a sole devisee or legatee,

there is an undoubted conflict of authority. The general rule is, that the declarations of a party to a suit are admissible against him.

The rule is, that an admission is evidence against the individual interest of the person making it, and against a joint interest in which he shares. The admission of every defendant is evidence against himself. *Bauerman* v. *Radenius*, 2 Smith's L. C. 387.

In the case at bar, under the limitation imposed by the court, the declarations proven could only be used against the person making them. They could not be used against the other legatees.

As to such admissions and declarations being admissible as against the parties making them, counsel cited *Clark* v. *Morrison*, 25 Pa. St. 453; *Whitford* v. *Lutin*, 6 C. & P. 228; *Brown* v. *Moore*, 6 Yerg. 272; *Barnhardt* v. *Smith*, 86 N. C. 473; *McCraine* v. *Clark*, 2 Murphy, 317; *Dennis* v. *Weeks*, 46 Ga. 514; *Harvey* v. *Anderson*, 12 id. 69; *Morris* v. *Stokes*, 21 id. 552; *Davis* v. *Calvert*, 5 Gill & J. 270; *Peeples* v. *Stevens*, 8 Rich. Law, 198; *Armstrong* v. *Farrer*, 8 Mo. 627; *Allen* v. *Allen*, 26 id. 327; *Milton* v. *Hunter*, 13 Bush, 166; *Rhode* v. *McLean*, 101 Ill. 467; *Mueller* v. *Rebhan*, 94 id. 143.

Mr. Justice Craig delivered the opinion of the Court:

William McMillan devised all of his property to seven persons. The language of the will creating the devise is as follows:

"*Second*—I give and bequeath to my niece, Rachel L. McMillan Thompson, Mary A. McDill, Robert T. McMillan, Daniel I. McMillan, Nancy E. McMillan, William L. McMillan, Martha H. McMillan, a right and title to equal shares of all my property, personal or real."

Following this bequest was a clause appointing Robert T. McMillan executor of the will. In the bill to contest the

4—110 Ill.

validity of the will, the devisees above mentioned were all made parties defendant, and on the trial the contestants were permitted, over the objections of the defendants, to prove the declarations of Robert T. McMillan, to the effect that the testator did not have the mental capacity to make a will. Similar declarations of other defendants (devisees) were allowed to be proven. The court, however, ruled that the declarations of each devisee were admissible as against him, but not as against co-defendants, and under this ruling the evidence was admitted for the consideration of the jury.

There is no doubt but this evidence had an important bearing with the jury in the decision of the case, and if the evidence thus admitted was incompetent, for this error alone the judgment will have to be reversed. It may be stated, as a general rule, that the declarations of a party to the record, or of one identified in interest with him, are, as against such party, admissible in evidence. (1 Greenleaf on Evidence, sec. 171.) To this general rule, however, there may be exceptions. It is plain that the admission of one who is the sole party interested in the issue before the jury, would always be competent evidence, when called out, against such party; but where several persons are interested parties, as here, can the declarations of one be admitted as evidence against that one, when such admission will directly affect the issue as against the other parties?

This question arose in *Phelps* v. *Hartwell*, 1 Mass. 71, and it was held that an opinion expressed by one of the devisees that the testator was insane, was not admissible to prove insanity. In the decision of the question, SEDGWICK, J., said: "If the appellee who is stated to have made the declaration were solely interested in establishing the will, he should be in favor of admitting the evidence offered; * * * but as the other appellee is interested in the establishment of the will, it would not be proper to admit the evidence offered." In *Massear* v. *Arnold*, 13 Serg. & Rawle, 323, it was held

that the admissions of one who is the sole party interested in the issue on one side, are evidence against that side. But in the following cases it was held that the admissions of one who is not the sole party in interest, are not competent evidence: *Bovard* v. *Wallace*, 4 Serg. & Rawle, 499; *Massear* v. *Arnold, supra; Dietrich* v. *Dietrich*, 1 Pen. & Watts, 306; *Boyd* v. *Eby*, 8 Watts, 66; *Hanberger* v. *Root*, 6 Watts & Serg. 431; *Bauerman* v. *Radenius*, 2 Smith's Leading Cases, 320, note. See, also, *Dow* v. *Brown*, 4 Cow. 483, where the same principle is announced.

In the case under consideration, the court, in deciding the question, admitted the declarations only as against the party who made them; but this did not relieve the evidence of its injurious effect. The evidence was admitted upon the issue involved in the case. It was incompetent as against the other defendants, and as it could not affect the issue without affecting the other defendants, it was, in our judgment, incompetent to go to the jury on the issue involved. If the interest of the devisees had been joint, the evidence might have been admitted against all of them, as we understand it to be a rule of evidence where the parties have a joint interest in the matter in suit, an admission made by one is in general competent evidence against all. But here the devisees did not have a joint interest under the will, but they had separate interests in one subject,—the validity of the will, as held in *Dietrich* v. *Dietrich, supra*. If this was a case where a judgment could be rendered against one of the defendants without affecting the rights of the others, there might be some ground for admitting in evidence the declarations as against the defendant who made them; but such is not the case. The only question here is as to the validity of the will, and testimony which defeats one defendant—one devisee—defeats all, and a judgment against one necessarily defeats all. While it might be proper to defeat a will on the admissions of a party who was a sole devisee, it would be manifestly unjust, where there

are several devisees, to suffer the rights of all to be concluded and swept away by the admissions of one, and these admissions made in their absence and without their knowledge or sanction.     If the admissions here could have gone to the jury and affected the rights of none but the one making them, no error would have been committed; but such was not the case. The admissions, notwithstanding the ruling of the court, went to the issue *devisavit vel non,* in which all the devisees were equally interested.

There are some authorities which support the ruling of the circuit court, but we think the decided weight of authority is the other way.     We have been cited to *Atkins* v. *Sanger,* 1 Pick. 192, as a precedent in favor of the admission of the evidence.     The case seems to favor the view of appellees, but the court, in the conclusion of the opinion, expressly state that the decision does not interfere with the case of *Phelps* v. *Hartwell,* 1 Mass. 71, where, as we have heretofore seen, the court decided that the evidence was not admissible.     *Armstrong* v. *Farrer,* 8 Mo. 627, is another case relied upon, but this case, upon examination, will be found to be predicated mainly on *Atkins* v. *Sanger,* which affirms the *Phelps case.* Other cases have been cited, but it will not be necessary to review them here.     We are of opinion that the rule we have indicated is in harmony with the weight of authority, and one, too, better calculated to preserve the rights of parties in such cases.

For the error indicated, the judgment of the Appellate Court will be reversed and the cause remanded.

*Judgment reversed.*