Hon. JAMES BARRETT,
Hon. WILLIAM C. WILSON, } Assistant Judges.
Hon. BENJAMIN H. STEELE,

---

LEWIS WILLIAMS, EXECUTOR, *v.* JOHN P. ROBINSON, APPELLANT.

*Wills. Burden of Proof. Capacity. Presumption.*

The burden is on the proponent of a will to prove the due execution of it, and the capacity of the testator. Neither sound reason nor the weight of authority sustain the view, favored in some cases, that there is a legal presumption that when a will is executed in due form, the person who executed it had the required capacity.

The case stands upon the same ground, and is to be proceeded with in the same manner, when in the county court by appeal from the probate court, as though the county court had original jurisdiction.

There is a distinction between an ordinary suit at law and a proceeding in the probate of a will. In the former, courts act upon the concessions of the parties of record, they being the only parties in interest; in the latter there are usually other persons interested, and that will be concluded by the result, besides the proponent and contestant, and their rights are not to be conceded away by the parties of record.

THIS was an appeal from the decree of the probate court, for the district of Manchester, allowing and establishing an instrument presented for that purpose, as the last will and testament of one John Robinson, late of Winhall, in said district, deceased.

Upon the entry of the appeal in the county court, the contestant filed pleas alleging that, at the time of the making of said instrument, said John was not of sound mind, and that the proponent, by undue influence, procured said John to make said instrument. These pleas were traversed, and issues of fact joined thereon, which were tried by jury, June term, 1868, PROUT, J., presiding.

Upon the trial the proponent introduced testimony tending to show that in the latter part of September, 1860, he made application to the probate court of the district of Manchester, for the appointment of a guardian over said John, and that in a few days after one Dexter Hayward, the husband of a daughter of said John, made a similar application to the same court, for the same purpose; that upon the 11th day of October, 1860, said court, upon a hearing had upon these applications, appointed a guardian over said John; that at the time of the appointment of the guardian said John was capable of transacting business, although at times he was subject to aberrations of mind, during which he was liable to wander abroad, and to waste or lose his property, which for the most part consisted of money and notes; that on the 17th day of November, 1860, said John made and published the instrument in question, as his last will and testament, and subscribed the same in the presence of four witnesses, who subscribed the same as witnesses thereto, in the presence of said John and of each other; and also introduced the evidence of the attesting witnesses, whose evidence also tended to show that at that time said John, although his mind was somewhat impaired by age, was in the possession of his faculties so as to be able to make a will or a contract. The proponent then rested his case.

The contestant then introduced testimony tending to show that, at the time of the making of said instrument, for several years before that time, and ever afterward during his life, said John was broken down in his mind, forgetful, and incapable of doing any business, or of making a will; and rested his case.

After the contestant rested his case, the proponent introduced further testimony tending to show that said John was capable of making a will at the time of making this instrument, and that it was made in accordance with his previously declared intentions,

and the counsel for the proponent opened and closed the argument of the case.

The court charged the jury in a manner satisfactory to both parties in all respects, except at the request of the proponent the court instructed the jury that in this case, under the issue joined, the burden of proof as to the incompetency of said John to make said instrument rested upon the contestant, and that it was for him to make out, by a fair preponderance of proof, that said John was incapable of making the instrument at the time it was made, in order to defeat it upon that ground. To this the contestant excepted.

The jury returned a verdict that the said instrument in writing was the last will and testament of the said John Robinson, deceased, and the court thereupon rendered judgment, denying costs to either party arising from said appeal; to all which the contestant excepted.

*H. H. Wheeler*, for the contestant, maintained that the burden of proof as to capacity was on the proponent, and cited 2 Black. Com., 374, 375, 376; *Harris* v. *Ingledew*, 3 P. Wms., [93,] 1730; *Wallis* v. *Hodgeson*, 2 Atk., 56; *Hindson* v. *Kersey*, 4 Burn. Ecc'l Law, 93; 2 Jarm. Wills, 222, Perkins ed.; *Warner* v. *Warner*, 37 Vt., 356; Gen. Sts., 379, §19; *Thornton* v. *Thornton*, 39 Vt., 122; 1 Custee's, 637; 1 Red. Wills, 41, 44, note 30; *Comstock* v. *Hadlyme*, 8 Conn., 254; *Phelps* v. *Hartwell*, 1 Mass., 70; *Blaney* v. *Sargent*, 1 Mass., 335; *Crowningshield* v. *Crowningshield*, 2 Gray, 524; 7 Gray, 74, 83; *Gerrish* v. *Nason*, 22 Maine, 438; *Rees* v. *Stille*, 38 Penn., 138; *The Parish Will Case*, 25 N. Y., 9; *Goodell* v. *Pike*, 40 Vt., 319.

*Charles N. Davenport*, for the proponent.

There was no error in the charge. The rule in Vermont, I apprehend, is now settled. As to the *formal proof* of the execution of the will, the burden is upon the proponent. He must show that the will was in *form* duly executed. Because he takes the burden in this respect, he opens and closes the argument to the jury. When he shows that the instrument is executed in accordance with the statute requirements, he may safely rest his case. He has *prima facie* established his right to have the instrument probated, by formal proof and the presumption of law in favor of

sanity. That the testator was sound of mind is a legal presumption. It is for him who objects to a will to show unsoundness · of mind, if it exists. *Robinson* v. *Hutchinson*, 26 Vt., 38 ; *Dean* v. *Heirs of Dean*, 27 Vt., 746. Although there is not an entire agreement of authority on this subject, an examination of the cases will show that our rule, as laid down by Judge Isham, accords with the weight of authority, and it seems to me rests upon a correct appreciation of legal principles. This presumption is founded upon a fact, the truth of which is universally recognized ; that is, that the great majority are, in a legal sense, possessed of "sound and disposing minds." *Sanity* is the general rule, *insanity* the exception ; hence the presumption. *Jackson* v. *Van Dusen*, 5 Johns., 144. The rule adopted in the Federal courts is in accordance with the charge in this case. *Hoge* v. *Fisher*, Peters C. C. R., 163 ; *Stevens* v. *Vancleve*, 4 Wash. C. C. R., 262.

In most of the state courts where the question has arisen the rule we contend for has been adopted. In New Hampshire, New York, Massachusetts, New Jersey, Pennsylvania, Kentucky, Delaware, Ohio, the rule is that the burden of proving unsoundnes of mind is upon the party who alleges it. *Pettes* v. *Bingham*, 10 N. H., 514 ; *Jackson* v. *Van Dusen*, 5 Johns., 144 ; *Jackson* v. *King*, 4 Cowen, 207 ; *Allen* v. *the Pub. Adm'r*, 1 Bradf., S. R., 378 ; *Hix* v. *Whittemore*, 4 Met., 545 ; *Baxter* v. *Abbott*, 7 Gray, 71 ; *Sloan* v. *Maxwell*, 2 Green Ch., 563 ; *Trumbull* v. *Gibbons*, 2 N. Jersey, 117 ; *Werstler* v. *Custer*, 46 Penn., 502 ; *Runyan* v. *Price*, 15 Ohio S., 1 ; *Duffield* v. *Robeson*, 2 Harrington, 375 ; *Chandler* v. *Ferris*, 1 Ib., 454 ; *Hawkins* v. *Grimes*, 13 B. Monroe, 257.

The text writers upon this subject substantially accord with the charge of Judge PROUT below. 1 Redfield on Wills, chap. 3, §5 ; 1 Swinburne on Wills, 45 pt. 2, § 3 pt. 4 ; Cited in 1 Redfield 46, note 32 ; Shelford on Lunacy, etc., 274 ; 2 Green Ev. § 689. The only exception among text writers is Perkins. 1 Jarman on Wills, 74, 75.

The fact that our statute of wills provides that "every person of full age and of sound mind may," etc., raises no argument

against the usual presumption of sanity, and does not affect the burden of proof.   1 Redfield on Wills, 44, 45, 46, 47, and notes.

Heard at the February term, 1869.

The opinion of the court was delivered by

PIERPOINT, C. J.   This case was taken into the county court by appeal from a decree of the probate court for the district of Manchester, allowing and establishing an instrument presented as the last will and testament of one John Robinson deceased.   Upon the trial in the county court, the principal point in controversy was as to the mental capacity of the said John Robinson to make a will, at the time when the instrument was executed.

The contestant in his plea alleges that the said instrument ought not to be allowed and established as the last will and testa- of said John Robinson :  " Because he says that at the time of the making of said instrument said John was not of sound mind, etc." To this the proponent replies :  " That at the time of the making, and executing said supposed will, the said John Robinson was of sound mind," and puts himself upon the country.

In submitting the case to the jury the county court instructed them :  " That in this case under the issue joined, the burden of proof as to the incompetency of said John to make said instrument rested upon the contestant, and that it was for him to make out by a fair preponderance of proof that said John was incapable of making the instrument at the time it was made, in order to defeat it upon that ground."   To this charge the contestant excepts and brings the case before this court, and the only question now before us is as to the correctness of the charge in this respect.

In determining this question it may be well to look at the nature and object of the proceeding in that court, and the true relation of the parties of record to such proceeding.   When the case is brought into the county court by appeal from the probate court it stands upon the same ground, and is to be proceeded with in the same manner, as though the county court had original jurisdiction of the subject, and the proceeding had been first instituted there.   The judgment of the probate court is vacated by the appeal, and is of no force or effect.   The proponent presents the in-

strument, and asks the court by its judgment to establish it as the last will and testament of the deceased. There is no presumption in its favor. The estates of deceased persons, by law, go to the heirs, unless a different disposition is made thereof by the deceased while living, by a will. By our statute: "Every person of full age and sound mind," may dispose of all of his estate, both real and personal, by his will executed in accordance with the requirements of the statute. No person, unless of full age and sound mind, can so dispose of his property. Hence, when the proponent presents the instrument, he must satisfy the court that the deceased, at the time he executed the will, belonged to the class of persons that by law can make wills, and also that the instrument in question was executed by the deceased with all the forms required by the statute, and this he must do, whether any one appears to contest the will or not. This burden is upon him at the outset, even when there is no contest about the will. This being so, the appearance of a contestant can not have the effect to change or lessen the burden. If the contestant takes issue upon a single point only, as in this case, he does not thereby admit the other facts necessary to be established, and thus relieve the proponent from his obligation to prove them. This he cannot do by his pleadings, or otherwise. This proceeding is not like an ordinary suit at law, where the parties of record are the only parties in interest, and the only ones affected by the result. In such case courts act upon the concession of the parties, and render judgments thereon, but in proceedings of this kind the judgment of the court is conclusive upon all the world, and ordinarily there are other persons interested, and that will be concluded by the result, besides the proponent and contestant, and their rights are not to be conceded away by the parties of record.

In this case the only issue presented by the pleadings is as to the capacity of the testator, and the fact in this respect must be established by the proponent, even if it is not denied. It would be quite extraordinary if a denial of it should have the effect to relieve him from that obligation, and impose upon the party making the denial the burden of disproving it.

On the trial in this case, upon the issue formed, the proponent

must first proceed with proof of the due execution of the will. If he fails in this, he fails in the proceeding. If he succeeds in proving due execution, it is claimed that a presumption arises therefrom of the capacity of the testator. Suppose that to be true, does it change the burden of proof, in the sense in which that expression is ordinarily used in reference to legal proceedings, so as to impose upon the contestant the necessity of proving affirmatively that the deceased, at the time of executing the will, was actually insane, or had not sufficient capacity to make a will? Is it not sufficient to rebut the presumption? Clearly it is. The presumption is no stronger than positive proof would be if there was no presumption, and if in such a case the proof is met by the contestant with testimony that makes the question so doubtful that the triers are unable to find the fact of capacity, the instrument can not be established, even though they might have the same difficulty in finding the fact of incapacity. The burden still rests on the proponent, and it is the same in respect to the presumption. It only stands in the place of proof, and aids to make out a *prima facie* case.

In the course of the trial the balance of testimony may fluctuate from one side to the other, but the burden of proof remains where it was at the outset, and unless at the close of the trial the balance is with the proponent, he must fail. It is not sufficient that the scales stand even; there must be a preponderance in his favor.

I have thus far been considering the case upon the supposition that there is a legal implication that when a will is executed in due form the person executing it had the requisite capacity. If there is such a presumption, from what does it arise? Certainly it cannot arise from the fact that the great majority of mankind have sufficient capacity. The law will no more imply capacity from such a cause than it will imply that all men are white because a majority are, or that all men are dishonest because so many are.

But it may be said that it is the duty of the persons called upon to act as witnesses to refuse to act and participate in the execution of a will, if they discover evidence of want of capacity, and that

it is to be presumed they discharge their duty in this respect, and having acted as witnesses, the law will therefore presume the capacity of the testator. Does the law ever presume that the witnesses to a will have discharged their duty in respect to its execution when proof can be obtained ? It is made the duty of the witnesses to a will, by statute, to see the testator sign the will, and to sign it themselves as witnesses in his presence, and in the presence of each other, and ordinarily there is attached to their attestation a certificate, over their signatures, that these statute requirements have been complied with. Yet the law makes no presumption in favor of the due execution of the instrument, but requires strict proof thereof. The object of this is to guard the testator against any fraud or imposition that may be practiced upon him in respect to his will. Why then should the law presume capacity, which is certainly the most important element in making a valid will, and the one best calculated to protect the testator against fraud and imposition. As we all know, it is much easier to impose upon one whose intellect is naturally defective, or has been impaired by age or disease, than on one whose mind is sound and vigorous.

The considerations above referred to will naturally have more or less effect upon the mind of the triers as bearing upon the probability of the testator's having the requisite capacity. Beyond this there seems to be no sound reason for giving it effect.

If then we are to hold that there is this legal presumption in favor of the capacity of the testator, it must be strictly upon the force of authority. And although there are some respectable authorities that favor it, we think the weight of authority, especially in the more recent cases, is against it. Any attempt to reconcile the authorities would be useless labor. Judge REDFIELD, in his valuable work upon the law of wills, seeks to find some common ground that shall be consistent with all the cases, but without success. He concedes that the more consistent rule is the one that casts the burden of proof upon the proponent, both as to the execution and capacity; and it seems to me he might have added, the more sensible rule. I can see no good resulting from the presumption, but room for much evil. There is certainly no necessity for it, as proof on the subject is always accessible, and is presumed

to be within the knowledge of the proponent's witnesses; then why not require him to prove it. It cannot have its origin in convenience, as in the case of other written instruments that are executed in the course of the ordinary daily business transactions between man and man that are open, and in which all parties participate, and which take effect upon their execution. But wills take effect only at the death of the testator. They are ordinarily executed in private, without the presence or knowledge of those who are to be affected by them, unless it be some one who is to be affected favorably; and in such case there is an additional reason for caution and requiring proof.

The reason of the rule requiring proof is so strong, that although we have no decision in this state upon the subject, the practice I apprehend is universal in our probate courts, to require of the proponent proof of the capacity of the deceased.

The rule requiring proof has been fully recognized and established in Maine. In *Gerrish* v. *Nason*, WHITMAN, C. J., says: "The presumption that the person making a will was at the time sane, is not the same as in the case of the making of other instruments, but the sanity must be proved." 22 Maine, 438. The same rule has been established in Connecticut. In *Comstock* v. *Hadlyme*, 8 Conn., 254, WILLIAMS, J., says: "Those who claim under the will must not only prove that the will was formally executed, but that the testator was of sound and disposing mind." We think the same rule substantially exists in Massachusetts. 2 Gray, 524; 7 Gray, 71.

This subject was very fully considered in *The Parish Will Case*, 25 N. Y., 9, in which the court held "that in all cases the party propounding the will is bound to prove to the satisfaction of the court that the paper in question does declare the will of the deceased, and that the supposed testator was, at the time of making and publishing the document propounded as his will, of sound and disposing mind and memory," and also that this burden is not shifted during the progress of the trial, and is not removed by proof of the *factum* of the will, and the testamentary competency by the attesting witnesses, but remains with the party setting up the will.

But it is claimed that a different rule has been recognized in this state. In *Robinson, executor*, v. *Hutchinson*, the only question involved was as to the admission of the declarations of the testatrix, tending to show that she had been imposed upon in respect to the terms of the will. 26 Vt., 38. In *Dean* v. *Dean*, 27 Vt., 746, the question arose as to the due execution of the will, and not as to the capacity of the testator. In neither of these cases was the capacity of the testator in question, and what is said by the learned judge, who delivered the opinion, does not have the force of a binding authority upon this question.

Upon the whole, we think the better rule is that which throws the burden on the proponent to prove the due execution of the will, and the capacity of the person executing it. Such rule is based upon sound reason, and tends to protect the rights of the testator and all persons that are to be affected by the provisions of the instrument; imposes no unnecessary hardship, and ordinarily scarcely an inconvenience upon the proponent, and is well supported by authority.

The judgment of the county court is reversed and the case is remanded.