## PATTEN v. CILLEY.

*(Circuit Court, D. New Hampshire. July 8, 1891.)*

WILLS—CONTEST—UNDUE INFLUENCE—BURDEN OF PROOF.

In proceedings to establish a will, contestant, if he admits in his pleadings all the requisites of a statutory will, and contests solely on the ground of undue influence, has the burden of proof, and is entitled to open and close.

Proceeding to establish the will of Matilda P. Jenness, removed from the state court. In the issues which are made up under the direction of the court, the executor alleges that Matilda P. Jenness died leaving a will. The appellant does not expressly put in issue any question as to the mental condition of the testatrix, the fact of the will, or its due execution. His only allegation is undue influence, and upon this the executor joins issue. Upon this state of the pleadings the appellant claims the right to open and close, and, by motion in writing, asks that the question be determined by June 3d, the trial by jury having been assigned for June 9th.

*Harvey D. Hadlock*, *W. L. Foster*, and *Daniel Barnard*, for appellant.
*Harry Bingham*, *John M. Mitchell*, and *Frank S. Streeter*, for executor.
Before ALDRICH and CARPENTER, JJ.

ALDRICH, J., *(after stating the facts as above.)* Upon the pleadings as they now stand, the primary burden is upon the executor, and consequently the right to open and close is with him. The executor alleges the death of Mrs. Jenness, and the existence of a will. Upon these allegations, he holds the affirmative, and is therefore entitled to the open and close. It is claimed by the defendant that this question should be determined by federal rules, rather than any rule of practice in the state courts. In the absence of an express federal rule on the subject, if the right to open and close is purely a question of practice, (and I think it is,) relating to the order of trial and the manner in which it shall proceed, it should be given to the party to whom it would belong under the state practice. It seems to be pretty generally agreed that uniformity in a practical way is desirable. Uniformity would render trials less troublesome to courts as well as the bar. Again, proceedings to establish wills involve title to lands in a statutory and local sense, and for that reason the law of the state should probably govern in a contest of this character. *Sanford* v. *Town of Portsmouth*, 2 Flip. 105; *Swift* v *Tyson*, 16 Pet. 1; *Delmas* v. *Insurance Co.*, 14 Wall. 661.

The defendant relies on rule 6, which is a standing rule for the government of trials in the first circuit. This rule provides that the party holding the affirmative shall open and close before the jury. I understand this to be the rule in the New Hampshire state courts; and by the term "holding the affirmative" is intended the primary affirmative. True, the defendant says in argument he has relieved the executor from the statutory burden, and the necessity of maintaining his allegation of

death and will, because he has made no denial; and what is well alleged is admitted, unless denied. The right to open and close should not shift to the defendant upon situations that are debatable, nor upon any presumption of sanity which might be overcome upon an issue made upon the evidence. Under the statute, the issues are to be framed under the direction of the court. The party objecting to the will may narrow the controversy by waiving such of the statutory requirements as he pleases, or by assigning his causes, he may put the executor to affirmative proof of all the statutory prerequisites. On the several issues of due execution, insanity, and undue influence, the usage in New Hampshire is to require the executor, before reading the will, to go forward and call the subscribing witnesses on all the conditions named in section 6, c. 193, Gen. Laws N. H. *Whitman* v. *Morey*, 63 N. H. 455. 2 Atl. Rep. 899. This statute, and the rule requiring the executor to call all the subscribing witnesses at the outset, as to age, death, mental condition, and execution, are to prevent fraud, and are in the interest of the party objecting to the will. It being a burden placed upon the executor for the contestant's benefit, the contestant may relieve him of the burden by waiver. He may waive a part or all of the statutory essentials. When he has determined what he wants to put in controversy, he must so adjust the pleadings that the limit of his complaint will not be uncertain. Is there to be any claim or argument made that the testatrix was not of sound mind? Is there to be any question as to age, death, or execution? If not, the defendant has until June 3d to amend his issue, by admitting the primary statutory essentials. Upon such confession or admission, with the single affirmative issue of undue influence, the open and close is with the contestant.

I have reached this conclusion reluctantly. But, upon principle and reason, it seems to me that, under such circumstances, the burden is upon the contestant, and that he is consequently entitled to the open and close. The importance of the case, the fact that the question is a new one in this court, together with the result which may give the open and close to the defendant, and therefore appear to be contrary to the practice obtaining in the state courts in will proceedings, have induced me to state the reasons for such holding at considerable length. It will be observed that, under the statute, absence of undue influence is not a primary essential. So no primary burden rests with the executor in this respect. If the statutory essentials are admitted by the defendant in his pleadings, the executor would be entitled to a verdict, if no evidence were offered.

The rule seems unquestioned that the party against whom the verdict would go, in the absence of all evidence other than the admissions contained in the pleadings, takes the burden, and with it the open and close. So it follows upon such confession, unless the defendant goes forward with his evidence of undue influence, the executor gets the verdict, and, if the conscience of the court is satisfied, a decree is entered establishing the will. The executor is relieved from the burden of taking any primary step in the trial before the jury. He need not show

that Mrs. Jenness lived, was 21 years of age, and of sound mind, or that she is dead, because this is admitted. He need not put in the will, for the fact is admitted. He need not call the subscribing witnesses, because the contestant has waived that rule. From the very nature of this issue, with the defendant going forward, the trial will be more convenient and orderly, there will be less confusion, and the result would ordinarily be more intelligent and satisfactory.

The defendant holds an affirmative proposition. He goes forward, and introduces his evidence, affirmative, descriptive, and circumstantial. The executor answers by evidence of a negative, contradictory, and explanatory character. The executor cannot do this in advance. He must first hear the complaint. A rule which would give the opening and close to the executor upon an issue of this kind would either require him to go forward, and put in his whole case, or as much as he fairly could, upon the questions of mental strength, situations of parties, etc., or permit him to open nominally, and reserve the substantial part of his case, upon the evidence, for the close. Trials, under the first view of such a rule, would be troublesome, for the reason that there would always be questions as to how far the executor ought to be required to go, and what was fairly in rebuttal; and, under the second view, the order of trial would give an undue balance to the executor, because he would not only hold the closing argument, but the substantial close upon the evidence; while, under the order of trial requiring the defendant upon such an issue to put in his whole case at the outset, (which, from the nature of the issue, the executor could not do,) and giving the executor the opportunity to follow with his substantial case upon the evidence, preserves the balance and equilibrium usual in jury trials. To one side is ordinarily given the advantage of the substantial close upon the evidence; to the other is given the substantial advantage of the close upon argument. A practice which would give both advantages to one party would not be fair.

It is urged that usage in New Hampshire gives the open and close to the executor in proceedings to establish wills. This is probably true, as a general rule, in New Hampshire and elsewhere. I am not, however, aware of a practice, in any jurisdiction, which would give the open and close to the executor upon pleadings which relieve him from all the primary burdens, and contain only the single affirmative issue of undue influence tendered by the contestant. It is not known that any such question has ever been presented to the courts of New Hampshire, and hence it cannot be assumed that there is a practice upon the subject. A practice which would give the open and close to the party on whom a single primary burden rests would not necessarily give such privilege to a party relieved of all primary burden. It is said in *Hilliard* v. *Beattie*, 59 N. H. 464: "As a general rule, it is desirable, in determining who shall have the opening and close, to follow the rules of pleadings, and give that right to the party upon whom, by those rules, the burden of proof is placed." It is also a rule quite as generally accepted that the burden rests upon the party holding the affirmative upon the issue to be

tried. Upon the single issue of undue influence, (all other questions having been waived,) the contestant holds the affirmative, and can naturally go forward with his evidence; while the executor holds the negative, and cannot naturally or easily go forward with his evidence. By reasons of general principle and convenience, the defendant should put in his substantial case at the outset. The analogy between undue influence, as an objection to a will, and duress, as an objection to a note or contract, is very close. Each is a special and affirmative defense, going to the merits. The character of the evidence is much the same. The order of trial and the convenience of laying the situation before a jury are the same. So far as 1 know, it is the general, if not the uniform, rule, under the single issue of duress, to place the burden upon the defendant, and he consequently takes the open and close. Bailey, Onus Probandi, 111, 588, & 607; Proff. Jury, 214; Best, Right, Begin & Reply, 91; *Patton* v. *Hamilton*, 12 Ind. 256; *Baldwin* v. *Parker*, 99 Mass. 86; *Hoxie* v. *Green*, 37 How. Pr. 97; *Huntington* v. *Conkey*, 33 Barb. 218.

The New Hampshire cases, commencing with *Judge of Probate* v. *Stone*, 44 N. H. 593, and ending with *Hardy* v. *Merrill*, 56 N. H. 227, only go so far as to hold that, if the burden is upon the executor upon one of several issues, he shall hold the burden throughout the trial. For instance, in *Hardy* v. *Merrill*, issue was joined on mental condition and undue influence. Under such issues, the primary burden is upon the proponent, as mental soundness is a statutory requisite. The same reasoning applies to *Boardman* v. *Woodman*, 47 N. H. 120. The conclusion reached in this case in no way involves a criticism of the New Hampshire state practice.

In the cases cited the proponent had something to prove at the outset to make his paper a statutory will. In the case at bar everything is admitted necessary to make it a statutory will, and a verdict would go for the proponent, unless the contestant, upon an affirmative issue, makes such a case upon affirmative matter as will satisfy the jury that the verdict should be the other way. I am not aware of any rule of public policy applicable to wills which would justify an arbitrary practice of giving the right to open and close to the proponent at the expense of convenience, reason, and the generally accepted rules of pleading and evidence. The idea is expressed by good authority that will proceedings are an exception to the general rules as to burden and open and close, for the reason that the real question is whether the deceased person died testate or intestate, and that the subscribing witnesses, therefore, are in a sense the witnesses of the law; and I agree that this reasoning applies with great force to such proceedings in the preliminary stages. Doubtless at preliminary stages, where all interested parties may not be present, the true rule is to require all the statutory essentials to be affirmatively shown by the propounder, and, upon proceedings to prove the will in solemn form, to require all the subscribing witnesses (unless dead, insane, or beyond the jurisdiction) to be called before admitting the will. These provisions are for the prevention of fraud, and for the protection of all per-

sons interested in the estate. But when, upon proper statutory notice, these preliminary steps have been taken, and the controversy limited upon appeal to a contest between the executor and a party who admits the existence of a statutory will, but tenders a single issue in avoidance, (to the whole will or some specific legacy,) upon which he takes the affirmative, no reason is seen why the ordinary rules governing the trial of issues by jury should not be observed. Indeed, it has been often held that, upon the single issue of undue influence, the contestant takes the burden. In *Baldwin* v. *Parker*, 99 Mass. 85, HOAR, J., says:

"But when all is proved that the statute requires; when a testator of sound mind has intentionally made and published a will according to the forms of law,—his will is as much a legal conveyance and disposition of his property as any other lawful instrument of conveyance. It may be impeached or made invalid by proof of fraud, duress, or undue influence, which have caused it to contain provisions which he has been wrongfully induced to insert in it; but so may a deed or other contract be impeached for the like reason."

Again he says, (page 87:)

"The whole result of the reasoning would seem to be that upon the separate issue of undue influence the burden of proof is upon the party alleging it."

*Brooke* v. *Townshend*, 7 Gill, 26, was a case where the fact of the will was assumed by the issues; and the question was whether the proponent should introduce the subscribing witnesses. The court says, (page 26:)

"The introduction of evidence to establish a conceded fact was an act of supererogation, and therefore to be treated as irrelevant and inadmissible. * * * It was proposed to prove, by the testimony of the attesting witnesses, the *factum* of a paper, the execution of which was admitted by the pleadings and issues in the cause. This could not be done."

The effect of this reasoning was to require the contestant, who admitted the due execution of the paper, to introduce the will in evidence as a part of his case. See, also, *Davis* v. *Davis*, 123 Mass. 590; *Tyler* v. *Gardiner*, 35 N. Y. 559; *Armstrong* v. *Armstrong*, 63 Wis. 162, 23 N. W. Rep. 407; *Chandler* v. *Ferris*, 1 Har. (Del.) 461; *Edelen* v. *Edelen*, 6 Md. 293; *Stocksdale* v. *Cullison*, 35 Md. 324; *McClintock* v. *Curd*, 32 Mo. 411; *Vancleave* v. *Beam*, 2 Dana, 155; *Boyse* v. *Rossborough*, 6 H. L. Cas. 2, 49; *Hutley* v. *Grimstone*, 41 Law T. (N. S.) 531; 9 Reporter, 224.

It must be understood that this condition of the pleadings narrows the issues upon the evidence. Under such an issue, it will not be open to the defendant to show that the essential primary condition of mental soundness did not exist. At most, he can only show the influence of a stronger mind upon a weaker sound mental condition.

CARPENTER, J., (*concurring.*) This motion was first heard by my Brother ALDRICH, who intimated his opinion as above. Afterwards the appellant amended his answer so that it specifically admits all the other requirements of a valid will, and alleges that the supposed will of Matilda P. Jenness ought not to be proved, because the said Jenness was induced to execute the same by undue influence, overpersuasion, and artful misrepresentations. On these amended pleadings the motion was

reargued before my Brother ALDRICH, with whom I sat at his request and by consent of the counsel. I entirely concur in his conclusion.

I do not find that the question here raised has ever been decided by the supreme court of New Hampshire. The uniform practice in that court, as I understand from the cases, has been that on appeal from the probate of a will the issues in the first instance to be tried are whether the testator was of lawful age, of sane mind, whether the alleged will was duly executed, and, in case the question is raised, whether there was undue influence, or fraud, or whatever other thing may be alleged. These issues are tried by the court, unless one or more of them be put in dispute by the appeal. In the latter case the issues are sent to a jury; and on trial, although the appellant may offer evidence only on those issues which he has put in dispute, still the proponent of the will must establish, by proof which the trial judge shall deem competent, all the allegations of fact which go to establish the existence of a valid will. This being the case, it is evident that the proponent, who stands in the position of plaintiff, has always the affirmative of some of the issues, and hence, according to the universal rule in all our courts, has the right to open and close. These issues having been determined, the court in the light of those findings, and from an inspection of the alleged will, determines the main issue in the case, and thereupon makes the final decree. The issue whether the propounded instrument is or is not the last will of the person deceased is therefore for the court alone.

In the present case the appellant admits on the record that every issue shall be found for the proponent, excepting only the issue of undue influence. Upon that issue he evidently has the affirmative, and, as that is the sole issue for the jury, he ought to open and close. It has, indeed, been argued that it is contrary to the policy of the law to allow the appellant to admit any of the allegations which go to establish the validity of the will, and that they are public questions to be found by inquisition of the court. On this question I can add little to the lucid observations of the foregoing opinion. The requirements of the law and of public policy have been fully met by the inquisition heretofore had in the probate court. The decree of that court is in full force, and is itself competent evidence to this court of the facts thereby determined. Gen. Laws N. H. p. 484, § 12. And, as to the rights of the appellant, it is doubtless competent for him to waive them.