ERNEST RAWLEY,

Appellant from Decree of Judge of Probate.

Knox.    Opinion April 9, 1919.

*General rule as to probate practice.    Rule as to party entitled to open and close case.
Rule as to the refusal of right to open and close being subject to exceptions.*

Appeal from decree of Judge of Probate allowing a will.    Undue influence is the
only specified reason of appeal.    Contestant claimed right of opening and clos-
ing and excepted to denial of this right.    The questions involved are:    Were
exceptions properly allowed, and was the contestant entitled to the right of
opening and closing?

*Held:*

1.    Exceptions were properly allowed under R. S., Chap. 82, Sec. 55.
2.    The right of opening and closing is a legal right, not a matter of judicial dis-
cretion.    Unless clearly shown to be non-prejudicial exceptions lie to its errone-
ous denial.
3.    The right to open and close belongs to the party against whom judgment
would be rendered if no evidence were introduced on either side.
4.    An appeal from a Probate Court vacates the decree appealed from.
5.    The omission to challenge in the reasons of appeal due execution and legal
capacity does not relieve the proponent of the will from the primary burden of
proving such execution and capacity.    Having the primary burden the appellee
had the right to open and close.

Probate Appeal in the matter of will of Barney F. Rawley.    To the
rulings of the Justice at Supreme Court of Probate, appellant filed
exceptions.    Judgment in accordance with opinion.

Case stated in opinion.

*A. S. Littlefield,* for appellant.

*Edward C. Payson, and Gilford B. Butler,* for appellee.

SITTING:    CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON,
DEASY, JJ.

DEASY, J.    Appeal to the Supreme Court of Probate from allow-
ance of will of Barney F. Rawley by the Probate Court of Knox
County.    The only specified reason of appeal is undue influence.

A jury trial was asked and ordered at the September term, 1918. The contestant claimed the right of opening and closing and objected to testimony offered by the appellee to make formal proof of the will. This claim was denied and objection overruled by the presiding Justice.

To these rulings the contestant excepted and filed his bill of exceptions.

After hearing the Judge made his decree affirming that of the Judge of Probate. To this decree the contestant excepted and filed a second bill of exceptions.

Both bills of exceptions were allowed, but to the first the presiding Justice appended this clause: "The foregoing exceptions are, therefore, allowed, if, in the opinion of the law court, the same are allowable and the appellant entitled to have them allowed."

ALLOWANCE OF EXCEPTIONS.

These exceptions were properly allowed.

The rulings were not findings of fact and not discretionary. They were rulings of law. If erroneous and prejudicial, exceptions afford a proper and perhaps the only appropriate remedy.

The rulings were an opinion and direction in a civil proceeding of "the court held by one justice." The contestant being aggrieved seasonably presented exceptions as authorized by R. S., Chap. 82, Sec. 55.

It may be urged, however, that the rulings which are the subject of the contestants first bill of exceptions are not and cannot be prejudicial, inasmuch as a jury verdict in a probate appeal is advisory only and the opinion of the presiding Justice cannot be supposed to be affected by the course of procedure.

To so hold in a case where we have not the evidence before us would be in effect to say that a judge in making his decree cannot under any circumstances be influenced by a jury verdict.

THE RIGHT TO OPEN AND CLOSE.

The right of opening and closing is a legal right, not a mere matter of judicial discretion. Unless clearly shown to be non-prejudicial, exceptions lie to its erroneous denial. *Johnson* v. *Josephs*, 75 Maine, 547. *Reed* v. *Reed*, 115 Maine, 441.

The right to open and close belongs to the party against whom judgment would be rendered if no evidence were introduced on either side. *Reed* v. *Reed*, supra, and cases cited.

The appellant contends that the appellee needs to produce no evidence in the first instance and none at all except to refute, if he can, the appellant's evidence of undue influence. He urges that if no evidence were produced by either party it would be the duty of the court to affirm the decree of the Probate Court. The appellee maintains, on the other hand, that notwithstanding the only reason of appeal is undue influence he would not be entitled to have the probate decree affirmed without introducing evidence to show the due execution of the will and the testator's soundness of mind at the time of its execution.

The appellant presents an able and ingenious argument and brief in support of his contention. We hold, however, that the position of the appellee is correct.

The contestants argument, condensed and summarized, is:

1—That he has the burden of proof on the only issue, i. e., the only point "affirmed on one side and denied on the other" (Bouvier).

But admitting this to be true still the appellee has the right to open and close if, in the first instance to secure affirmance of decree, he has to prove "anything" (*Johnson* v. *Josephs*, supra) though not in issue according to the above definition. *Dorr* v. *Tremont Savings Bank*, 128 Mass., 359.

2—That the probate decree is not vacated by, but continues in force after the appeal. "Further proceedings in pursuance of the matter appealed from cease." R. S., Chap. 67, Sec. 35. But the decree, the contestant says, remains in force, not indeed justifying "further proceedings" such as appointment of executor, but in respect to findings not challenged by reasons of appeal, making a prima facie case for affirmation. Thus the contestant argues. But the status of a probate decree after appeal is not defined by the statute. It is left to judicial interpretation and courts generally, including our own, hold that an appeal vacates the decree. *Gilman* v. *Gilman*, 53 Maine, 188; *Tarbox* v. *Fisher*, 50 Maine, 237; *Milliken* v. *Morey*, 85 Maine, 342; *Williams* v. *Robinson*, 42 Vt., 658; *Crowningshield* v. *Crowningshield*, 68 Mass., 528; *Boynton* v. *Dyer*, 18 Pick., 4.

3—That the appellant is confined to his reasons of appeal. *Burpee* v. *Burpee*, 109 Maine, 383, and cases cited. That this being true due execution and legal capacity not being specified in the reasons of appeal are impliedly admitted and need not be proved.

The answer is that even if the admission were express and assented to by the appellee it would not, without the consent of court, relieve the proponent of the primary duty of proving the will.

Our reasoning relates to will cases. The law of wills is sui generis. It may well be that in other probate appeals findings not specified in the reasons of appeal are to be treated as admitted. *Patrick* v. *Cowles*, 45 N. H., 553. In most other cases courts order any judgment or make any decree within the scope of the pleadings that the parties agree upon; but no court would even by consent of all parties allow a will on its face invalid.

"Such transactions (agreements between parties in respect to wills) in fact, stand upon the footing of general dispositions by the rightful owners of property, and cannot operate to entitle to probate what was not, in the legal sense, a will." Schouler on Executors, Section 72.

In ordinary cases the court does not take the initiative, but "it is said that the Judge may ex-officio, or at the instance of anyone, cite the executor to prove the will." *Stebbins* v. *Lothrop*, 4 Pick., 42. See R. S., Chap. 68, Sec. 4.

Generally in litigation the parties before the court are alone interested. Not so in the case of wills. The rights of creditors of heirs and legatees, the interests of persons unborn or unascertained and the purpose of the testator are all to be guarded by the court.

"There is a distinction between an ordinary suit at law and a proceeding in the probate of a will. In the former the courts act upon the concessions of the parties of record, they being the only parties in interest; in the latter there are usually other persons interested who will be concluded by the result besides the proponent and contestant and their rights are not to be conceded away by the parties of record. If the contestant takes issue upon a single point only he does not thereby admit the other facts necessary to be established and thus relieve the proponent from his obligation to prove them. This he cannot do by his pleadings or otherwise." *Williams* v. *Robinson*, 42 Vt., 658.

There are other illustrations that might be cited showing the radical difference between proceedings involving the probate of a will and other litigation, including other probate appeals.

The appellant relies with confidence upon the case of *Patten* v. *Cilley*, 46 Fed., 892.

The opinion in that case admits that "at preliminary stages  . . . the true rule is to require all the statutory essentials to be affirmatively shown.  .  .  .  These provisions are for the prevention of fraud and the protection of all persons interested in the estate."  But not so on appeal.

In other words, the case holds that the Probate Court may not, but the Supreme Court of Probate may, base a decree allowing or disallowing a will, upon admissions.  The reason given, or suggested, is that in the preliminary stages "all interested parties may not be present," while on appeal the only interested parties are the appellants and appellees and they are present.  We think this reasoning is not sound.  In a case involving the validity of a will the interested parties are the same on appeal as in the preliminary stages.  If in the Probate Court whose decrees are subject to appeal as a matter of right parties interested need to be protected by the court's inquisition from improper and possibly collusive admissions, a fortiori they need such protection in a court whose decrees may be final.

While not destroying the force of *Patten* v. *Cilley* as a precedent, it is significant to note that the case was subsequently remanded to the State Court "distinctly upon the ground that the Federal Court had no jurisdiction of the subject matter involved."  *In re Cilley*, 58 Fed., 977.

The decree of the Judge of Probate in the case at bar was vacated by the appeal.  The omission to challenge in the reasons of appeal due execution and legal capacity does not relieve the proponent of the will from the primary burden of proving such execution and capacity.  Having this primary burden the appellee had the right to open and close.

*Exceptions overruled.*