ABBIE M. HEARD, APPELLANT,

FROM DECREE OF JUDGE OF PROBATE.

Knox.    Opinion January 4, 1928.

*In an appeal from a decree of judge of probate the decree below is vacated, and the whole subject matter of the appeal comes de novo before the appellate court, but confined to such matters and questions as are contained in the reasons of appeal.*

*The evidence presented to the appellate court may be the same or entirely different from that presented to the court below, and the decree of the appellate court must be based on the proofs before it and cannot be based on proofs or upon the legal effects of such proofs in the court below and not before it.*

On exceptions by appellant. From a decree of judge of probate disallowing an item in the account of the administratrix she entered an appeal, and in the appellate court a motion by the appellees to dismiss the appeal was granted and appellant excepted. Exceptions sustained and appeal to stand for further hearing.

The case appears in the opinion.

*Z. M. Dwinal,* for appellant.

*Rodney I. Thompson,* for appellees.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ., MORRILL, A. R. J.

BASSETT, J.   Exceptions to ruling of the Justice at Supreme Court of Probate sustaining motion to dismiss an appeal by an administratrix from the decree of the Judge of Probate on the allowance of the final account of the administratrix.

Abbie M. Heard, adminstratrix of the estate of Angus A. Staples, filed her second and final account in the Probate Court for Knox County.   She claimed as her individual property an account in the Rockland Savings Bank which had been opened by the intestate in his lifetime in the name of "A. A. Staples or Abbie M. Heard." The Judge of Probate required her as administratrix to include this account in the inventory of the estate but she did so under protest. In her second and final account she included in the credit items a payment of $2816.80, the proceeds of this bank account, to herself individually of that amount, as being money which belonged to her. After hearing upon the account, the Judge of Probate decreed that the item be disallowed and that the administratrix account for the sum as part of the estate and distribute the same to the heirs of Angus A. Staples.

From the decree the administratrix seasonably appealed to the Supreme Court sitting as a court of probate and duly filed and served reasons for and notice of appeal.

At the following term of the Supreme Court appellees moved that the appeal be dismissed, first, "because the appellant was not an interested party within the meaning of the law who has the right of appeal"; second, "because no decree, which this court, sitting as the Supreme Court of Probate, can make, can settle the title to the property in question" and, third, "because she appeals in the capacity of administratrix and claims the property involved as donee of the intestate."

The presiding justice refused to grant the motion for the first two reasons but did grant it for the third, finding that the judge of probate had found the property belonged to the estate; that on appeal the burden was on the administratrix to prove the property belonged to her individually and that the only question raised on appeal was whether there was any evidence upon which the ruling of the judge

of probate could be sustained; that the judge, having required the inclusion of the account in the inventory of the estate, forced the administratrix into the position of an administratrix who has a private claim against the estate and in such case the judge has statutory authority (Rev. Stat. Chap. 68, Sec. 66) to make a decree; that it must be presumed, since nothing of record appeared to the contrary, that the proceedings below were in strict accord with the statute; that no record of the evidence tending to show title to the bank account in Abbie M. Heard was presented to this court and therefore, turning to the decree below, its statement "after fully considering the evidence offered" must stand. Upon these findings the presiding justice ruled that the motion to dismiss be sustained, to which ruling the appellant excepted.

We do not think the appeal should have been dismissed for the reason stated. The appeal did not raise only the question whether there was any evidence upon which the decree of the probate court could be based not did it raise that question at all. The appeal vacated the decree and brought the whole subject matter of the appeal de novo before the Supreme Court of Probate but with the appellant confined to such matters and questions as were specifically stated in the reasons of appeal. *Gilman* v. *Gilman* 53 Me. 184; *Rawley, Appellant,* 118 Me. 109; *Garland's Appeal,* 126 Me. 84, 87. A new decree was to be made by the appellate court upon the evidence presented to it, which might have been the same or entirely different from that presented to the probate court. The decree of the appellate court must be based on the proofs before it and cannot be based on proofs or upon the legal effect of such proofs in the court below and not before it.

The appeal, therefore, should stand for further hearing and the mandate should be

*Exceptions sustained.*