CLARENCE D. SHANNON *vs.* RALPH SHANNON ET AL.

Penobscot.   Opinion, January 31, 1947.

*Edward I. Gross,* for plaintiff.

*Fellows & Fellows,*

*C. J. O'Leary,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, JJ.

TOMPKINS, J.   Bill in equity to remove cloud from the title to certain real estate situated in Bangor, Penobscot County, Maine. The case comes to this court under the provisions of

Sec. 24 of Chap. 95 of R. S. 1944 of the State of Maine, to be heard on bill, answer and replication.

The case as stated in the bill is substantially as follows. The plaintiff claims title to the real estate under the will of Michael Shannon, late of Bangor. Michael Shannon died on August 30, 1942, testate, leaving a widow, Christina Shannon, three daughters and three sons. In the will he bequeathed certain money and the income from certain buildings to his wife "in lieu of such share and interest as she would have in my estate if I died intestate," and to his son Clarence D. Shannon the real estate in question.

The will of said Michael Shannon was duly proved and allowed on October 7, 1942, by the Judge of Probate in and for the county of Penobscot. On the 22nd day of October 1942, being within the twenty days allowed for an appeal from the decree of the Judge of Probate, an appeal was taken by the widow to the Supreme Court of Probate. The decree of the Judge of Probate was affirmed by the Supreme Court of Probate on the 6th day of April 1943. On April 10th, 1943, the widow filed an election to waive the provisions of the will and claim her right and interest by descent. The election and waiver were duly recorded on the 14th day of April 1943. The widow, Christina Shannon, died on the 28th day of April 1945, testate. Her will was probated and allowed. By the terms of her will all her real estate was devised to Ralph Shannon. The plaintiff claims to own the real estate in controversy in fee simple under the will of said Michael Shannon. The defendant, Ralph Shannon, claims to own one third interest in common and undivided of the same through the will of his mother Christina Shannon. The legal controversy upon which the decision in the case depends is the effect of the waiver filed by the widow. The plaintiff claims that the waiver had no effect because it was not filed within six months after the probate of the will of Michael Shannon, as provided by Ch. 156, Sec. 13 of R. S. 1944. This is the sole issue for determination by this court.

Sec. 13 of Ch. 156 provides, so far as this case is concerned, as follows:

"When a specific provision is made in a will for the widow or widower of the testator or testatrix . . . such legatee or devisee may within six months after the probate of said will and not afterwards, . . . make election, and file notice thereof in the registry of probate, whether to accept said provision or claim the right and interest herein provided."

Sec. 14 on the same Chapter provides:

"When a provision is made in a will for the widow of a testator who died after the 26th day of April 1897, or for the widower of a testatrix who died after the first day of June 1903, and such provision is waived as aforesaid, such widow or widower shall have and receive the same share of the real estate and the same distributive share of the real and personal estate of such testator or testatrix as is provided by law in an intestate estate."

Par. 1 of Sec. 1 of Ch. 156, so far as relates to the case under consideration provides as follows:

"If he leaves a widow and issue one third to the widow."

Sec. 32 of Ch. 140 provides that:

"The superior court is the supreme court of probate; and has appellate jurisdiction in all matters determinable by the several judges of probate; and any person aggrieved by any order, sentence, decree or denial of such judge, (with certain exception), may appeal therefrom to the supreme court of probate to be held within the county, if he claims his appeal within twenty days of the date of the proceedings appealed from."

Sec. 37 of the same Chapter provides that:

"Such appeal shall be cognizable at the next term of the supreme court of probate held after the expiration of thirty-four days from the date of the proceedings appealed from, and said appellate court may reverse or affirm in whole or in part, the sentence or act appealed from, pass such decree thereon as the judge of probate ought to have passed, remit the case to the probate court for further proceedings, or make any order therein that law and justice require; and if, upon such hearing, any question of fact occurs proper for a trial by jury, an issue may be framed for that purpose under the direction of the court, and so tried."

The waiver of the provisions of the will by the widow was not filed until after six months from the time the will was allowed by the Probate Court, but was filed within six months from the date of the decree of the Supreme Court of Probate affirming the decree of the Probate Court. The defendant's contention is that the appeal to the Supreme Court of Probate vacated the decree of the Probate Court, and that the waiver was seasonably filed because the will had not been judicially allowed until the appellate court had spoken. Probate courts are wholly creatures of the legislature. They are of special and limited jurisdiction, their proceedings are not according to the court of the common law. *Bradstreet* v. *Bradstreet,* 64 Me., 204; *Taber* v. *Douglas,* 101 Me., 363, 64 A., 653. The Supreme Court of Probate is created by the statute as an appellate court. Its jurisdiction and proceedings are clearly defined by the statute. It has the same jurisdiction as the Probate Court but the jurisdiction is appellate and not original.

In ordinary judgments between plaintiff and defendant a valid appeal vacates a valid decree or judgment and until affirmed by the appellate court there is no judgment. *Knox* v. *Lermond,* 3 Me., 377 at page 379; *Inhab. of Winslow* v. *County Commissioners,* 31 Me., 444; *Atkins* v. *Wyman,* 45 Me., 399;

*Hunter* v. *Cole*, 49 Me., 556; *Milliken* v. *Moray*, 85 Me., 342, 27 A., 188; *Thompson* v. *Thompson*, 1 N. J. L. R., 159.

The extent to which a judgment is vacated by appeal depends entirely upon the subject matter of the appeal and the jurisdiction of the appellate court over such subject matter. There is no such thing as an appeal known to the common law. It is regulated exclusively by statute. An appeal at common law is only a writ of error. If the appeal carries up the whole matter in controversy so that it is retried as upon original process in the appellate court, and if the appellate court has jurisdiction to settle that controversy by a judgment of its own, and to enforce that judgment by a process of its own, then the appeal vacates the judgment of the inferior tribunal. *Bank of North America* v. *Wheeler*, 28 Conn., Reports 433, 73 Am. Dec., 683; Corpus Juris Secundum, Vol. 4, Par. 611, Appeal and Error.

The status of a probate decree after appeal is not defined by our statutes. It is left to judicial interpretation. *Rawley, Appellant*, 118 Me., 109, 106 A., 120. The effect of an appeal is generally to vacate the judgment or decree of the Probate Court which is thenceforth of no force or effect. The cause is to be heard *de novo* upon new proofs and arguments. 3rd Edition American Law of Administration, Vol. 3, Page 1867. *Tarbox* v. *Fisher*, 50 Me., 236; *Gilman* v. *Gilman*, 53 Me., 184; *Thompson, Appellant*, 116 Me., 477, 102 A., 303; *Rawley, Appellant*, supra, 118 Me., 109, 106 A., 120; *Heard, Appellant*, 126 Me., 495, 139 A., 670; *Perkins, Appellant*, 141 Me., 137, 39 A., 2d, 855.

In *Gilman* v. *Gilman*, supra, 53 Me., 184, where this question of the effect of an appeal upon the decree of the Judge of Probate was considered at great length, the court said:

"An appeal in all cases vacates the judgment appealed from."

The statute then in force relative to an appeal to the Supreme Court of Probate is retained in the present revision with hardly

a verbal alteration and without any change in its meaning. The case further approved this quotation from Chancellor Sanford:

"By the practice of the civil law and all the courts that follow that practice a case removed to a superior tribunal is reheard upon the facts as well as the law. It is treated as if it had been commenced in the superior court. The parties may produce new proof and new proceedings may take place which law and justice may require for the investigation of the truth."

Our court then declared that:

"These principles apply to courts of probate equally as to other courts. Indeed they apply universally except where by statute some change has been made."

In *Heard, Appellant*, supra, 126 Me., 495, the court said:

"The appeal vacated the decree and brought the whole subject matter of the appeal de novo before the Supreme Court of Probate but with the appellant confined to such matters and questions as were specifically stated in the reasons of appeal,"

citing *Gilman* v. *Gilman*, supra; *Rawley, Appellant*, supra, 118 Me., 109. The court further said:

"A new decree was to be made by the appellate court upon the evidence presented to it, which might have been the same or entirely different from that presented to the Probate Court. The decree of the appellate court must be based on the proofs before it and cannot be based on proofs or upon the legal effect of such proofs in the court below and not before it."

"Wills do not become operative until proved and established in some court having jurisdiction for that purpose— in this state by a court of probate or an appeal to the

Supreme Court of Probate—until established in that forum it has no life."

*Cousens* v. *Advent Church*, 93 Me., at 295, 45 A., 43; *Martin, Appellant*, 133 Me., 422, 179 A., 655. The rights of the widow were contingent until there was a final judicial determination of the validity of the will in the Supreme Court of Probate. The appeal carries the proceedings one step forward toward that final adjudication for which the law has provided. The appeal vacated the decree and brought the whole subject matter of the appeal *de novo* before the Supreme Court of Probate. A new decree was to be made by the appellate court upon evidence presented to it which might have been the same or entirely different from that presented to the Probate Court.

The right of the widow to renounce the provisions of the will is a statutory right which may be exercised at any time within the six months after the probate of the will. Where the widow is left a legacy in lieu of dower her right to take an appeal for any legal reason still exists. The widow's right to renounce the provisions of the will remains to be exercised by her within six months after determination of its validity. The decree of the Supreme Court of Probate is a new decree and a final judgment. The widow may then file her waiver, if done within six months after final decree of the Supreme Court of Probate. This she did.

The interest of the widow, Christina Shannon, in the real estate described in this bill then became a one third interest in common and undivided. By her will this interest was devised to Ralph Shannon, the defendant, who then became the owner of one third interest in common and undivided in this real estate.

*Case remanded to the court below for decree in accordance with this opinion.*