**OPINION OF the JUSTICES of the Supreme Judicial Court given under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the Senate in an Order Dated March 3, 1980.

Answered March 10, 1980.

964

966

968

970

972

## OPINION OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, give the following opinion upon the questions propounded to us by the Senate on March 3, 1980.

QUESTION 1: Would S. P. 775, L. D. 1968, "AN ACT to Transfer Probate Jurisdiction to the Superior Court," if enacted, constitute a violation of the Constitution of Maine, Article V, Part First, Section 8, which excludes the ap-

pointment of "judges of probate" from the Governor's authority to appoint all judicial officers?

ANSWER: We answer the first question in the negative.

■ The main purpose of the bill now pending before the Senate is to place within the jurisdiction of the Superior Court matters that are now heard and determined by the judges of probate. In particular, section 4 of the bill would vest the Superior Court with the jurisdiction conferred on "the Court" by section 1–302 of the Probate Code (title 18–A of the Maine Revised Statutes, effective January 1, 1981) as well as jurisdiction over matters now within the jurisdiction of courts of probate except as concurrent or exclusive jurisdiction is vested in the District Court. Sections 7, 7–A, 7–B, 8, 8–A, 9, and 10 of the bill would repeal the provisions of chapter 7 of title 4 of the current Revised Statutes which define, for the most part, existing jurisdiction of judges and courts of probate.

The probate courts have only the limited jurisdiction conferred on them by legislation. *E. g., Thaxter, Appellant*, 154 Me. 288, 147 A.2d 126 (1958); *Shannon v. Shannon*, 142 Me. 307, 51 A.2d 181 (1947). They were established and their special jurisdiction defined by the provisions of chapter 51 of the Laws of 1821. With relatively minor modifications, those provisions were carried forward into chapter 105 of the Revised Statutes of 1840 and eventually into chapter 7 of title 4 of the current Revised Statutes.

Before 1855, under Article V, Part First, section 8, of the Constitution, judges of probate, like other judicial officers, were appointed by the Governor with the advice and consent of the Council. Pursuant to chapter 273 of the Resolves of 1855, a constitutional amendment was adopted, excepting judges of probate from the Governor's appointive authority and requiring their election by the people of the several counties.

There can be no serious doubt that the 1855 constitutional resolve and amendment used the term "judges of probate" to mean only those judicial officers having the special jurisdiction provided for by chapter 105 of the Revised Statutes of 1840. It did not include justices of the Supreme Judicial Court even though that court then had jurisdiction, sitting as the Supreme Court of Probate, to review the decision of a judge of probate and, in doing so, to hear and determine all issues *de novo*. There has never been any suggestion, in the decisions of the Law Court or in legislation, that justices of the Supreme Judicial Court were excepted by virtue of the constitutional amendment of 1855 from the Governor's appointive power merely because they might on occasion hear and determine matters normally within the jurisdiction of judges of probate.

We conclude, therefore, that the expression "judges of probate," as used in Article V, Part First, section 8, refers to judges having the limited special jurisdiction now defined in chapter 7 of title 4 of the Revised Statutes of 1964, as amended.

Article VI, section 1, of the Maine Constitution provides:

The judicial power of this State shall be vested in a Supreme Judicial Court, and such other courts as the Legislature shall from time to time establish.

The pending bill would exercise that legislative power to reallocate the jurisdiction of the present probate courts to an already established court, the justices of which are constitutionally appointive judicial officers. The Superior Court is Maine's trial court of general jurisdiction. The pending bill would add to that jurisdiction probate matters which would thereafter constitute but a part of all the matters the Superior Court has jurisdiction to hear and determine. The justices of that court would not be transformed into "judges of probate" merely by that addition to their jurisdiction.

■ Finally, the Legislature is not prohibited by the Maine Constitution from abolishing the probate courts. The Constitution nowhere explicitly requires the establishment of courts of probate. The provision of Article V, Part First, section 8,

excepting judges of probate from the class of appointed judicial officers, even when that provision is considered in conjunction with the provision now in effect for election of judges of probate in Article VI, section 6, falls short of requiring the establishment of courts of probate and the designation of their presiding officers as "judges of probate." The fact that a constitutional provision prescribes the manner of designating the incumbent for an office does not alone imply a constitutional requirement that the office exist. *Cf. Ross v. Hanson*, Me., 227 A.2d 606 (1967).

In view of the broad grant in Article VI, section 1, of legislative authority to create inferior state courts, Article V, Part First, section 8, and Article VI, section 6, must be construed to govern the designation of judges of probate only if probate courts are established and judges of probate exist, and not to require the establishment of such courts or the existence of such judges. If the pending bill is enacted, Superior Court justices, though exercising what was formerly probate jurisdiction, could not be properly characterized as "judges of probate" as the term is used in Articles V and VI of the Maine Constitution.

> QUESTION 2: Would S. P. 775, L. D. 1968, if enacted, constitute a violation of the Constitution of Maine, Article VI, Section 6 in that it would not "establish a different Probate Court system with full-time judges?"

> ANSWER: We answer the second question in the negative.

■ By the terms of chapter 77 of the Resolves of 1967, the repeal in 1967 of Article VI, section 6, of the Maine Constitution is to become effective "at such time as the Legislature by proper enactment shall establish a different Probate Court system with full-time judges."

Taken in conjunction with the Probate Code (Title 18–A of the Revised Statutes, effective January 1, 1981), the pending bill would establish a new and different system for the administration and adjudication of matters heretofore within the jurisdiction of the probate courts. See Maine Probate

Law Revision Commission, *Report of the Commission's Study & Recommendations Concerning Maine Probate Law* (Oct. 1978). The pending bill, considered in connection with the Probate Code, would redefine and reallocate the authority and responsibility of the judge and the register in many important respects and would make the present sixteen county probate courts part of the single state-wide Judicial Department. *See* 4 M.R.S.A. § 1 (1979). It would thereby establish a different system. Since the bill would provide that justices of the Superior Court are to adjudicate controversies arising under the Probate Code, it is clear that the new system would have full-time judges.

In combination with the Probate Code, the pending bill may be properly regarded as establishing a "different Probate Court system" within the meaning of the constitutional amendment of 1967. The operative language of the 1967 amendment does not require a separate system of courts to handle matters heretofore administered or adjudicated by courts known as "probate courts." The purpose of the amendment was to give the Legislature discretion to study and determine the best system for administering and adjudicating matters traditionally within the jurisdiction of the probate courts. The intent was to open the way for change in the system. *See* 2 Me. Legis.Doc. 3425 (1967) (remarks of Senator Lund). It is not necessary to adopt a system of any particular nature in order to effectuate the repealing amendment as long as the system provides for handling of probate matters, is different from the existing system, and has full-time judges. The pending bill carries out the broad purpose of the operative language of the 1967 amendment.

Dated: March 10, 1980.

VINCENT L. McKUSICK

SIDNEY W. WERNICK

EDWARD S. GODFREY

DAVID A. NICHOLS

HARRY P. GLASSMAN

DAVID G. ROBERTS