IN THE MATTER OF THE ESTATE OF HENRY MARTIN, DE-CEASED.

[No. 13,326; decided September 29, 1894.]

Contest of Will—Burden of Proof.—The proponent of an olographic will has the burden to prove that the instrument was entirely written, dated, and signed by the hand of the testator; the burden does not lie upon the contestants to prove that it was not so written, dated and signed.

Contest of Will—Preponderance of Evidence.—When an olographic will is contested, the proponents must establish it by a preponderance of evidence; that is, they must prove to a moral certainty that the instrument was entirely written, dated and signed by the hand of the testator.

Will—Failure of Custodian to Deliver.—The only consequence which the law imposes for the failure by the custodian of a will to deliver it to the superior court within thirty days after the death of the testator is to make the custodian responsible for damages sustained by anyone injured thereby.

Will contest, in which the issue presented was whether the instrument in question was entirely written, dated, and signed by the hand of Henry Martin.

Arthur Rodgers, D. M. Delmas, Wm. Craig, and Van R. Patterson, for the contestant.

W. H. L. Barnes, Crittendon Thorton, Grove L. Johnson, and Walter H. Linforth, for the respondent.

COFFEY, J. The proponent in this case, the child, John B. Martin, holds the affirmative of this issue, and must produce the evidence to prove it. On this point, see Code Civ. Proc., secs. 1981, 1869, 607; Estate of McGinn (Instruction 18), 3 Cof. Pro. Dec. 26; Code Civ. Proc., sec. 2061, subd. 5; Redfield on Law and Practice of Surrogate Courts, 3d ed., 217, et seq.; 2 Am. & Eng. Ency. of Law, top of p. 650, and cases cited; Baldwin v. Parker, 99 Mass. 79, 96 Am. Dec. 697, 701, 705; Hardy v. Merrill, 56 N. H. 227, 22 Am. Rep. 441; Williams v. Robinson, 42 Vt. 658, 1 Am. Rep. 359, 361; Delafield v. Parish, 25 N. Y. 9.

It is true that the court has accorded the contestants the right to open and close, but that was because the court held that the contestants are the plaintiffs, and in this state the plaintiffs always have the right to open and close: Benham v. Rowe, 2 Cal. 387, at foot of p. 409, 56 Am. Dec. 342; Code Civ. Proc., sec. 607.

The right to open and close in this state does not necessarily follow the burden of proof. The right is with the plaintiff "unless the court for special reasons otherwise directs": Code Civ. Proc., sec. 607.

The proponent did not appeal to this discretionary power of the court, but claimed the right to open and close as his right as plaintiff, and in this contention he was not sustained by the court.

Let us suppose that there be no contest in this case, or that when the case came up for trial the contest had been withdrawn. It would still have been necessary before this alleged will could be admitted to probate that the proponent should show to the satisfaction of the court that it was entirely written, dated and signed by the hand of the testator.

If there were no contest, or the contest had been withdrawn, the proponent could not merely produce this instrument and rest there. He would have to go on and give the proofs required by the statute.

"The burden of proof lies on the party who would be defeated if no evidence was given on either side": Code Civ. Proc., sec. 1981.

In the case suggested the proponent would be defeated if no evidence was offered on either side, and this is not altered by the fact that the contestants have denied that this instrument was written, dated and signed by the testator.

There is no presumption arising from the production of the instrument itself; there is no presumption from the fact that the instrument purports on its face to be signed by Henry Martin, that it was so signed, or that it was written or dated by his hand. That it was so signed, that it was so dated and written are facts in issue which must be proved to the satisfaction of the jury by the proponent, John B. Martin, by a preponderance of evidence. The burden of proof lies on the proponent to prove by evidence that the instrument was entirely written, dated and signed by Henry Martin; the burden of proof does not lie upon the contestants to prove that it was not so written, dated and signed.

The affirmative of the issue must be proved, and when the evidence is contradictory, the decision must be made according to the preponderance of the evidence: Code Civ. Proc., sec. 2061, subd. 5.

Therefore, if the jury believe and are satisfied by and from the evidence that the proponent in this case has not established by a preponderance of evidence that the said instrument was entirely written, dated and signed by the hand of Henry Martin, they will find as their answer to the issue, "No."

Proof by a preponderance of evidence in this case means that the evidence offered by the party holding the affirmative of the issue—in this case the proponent, John B. Martin— must prove to your minds, to a moral certainty, that this instrument was entirely written, dated and signed by the hand of Henry Martin. The proponent must maintain this proposi-

tion against all the evidence which tends to show that it was not so written, dated and signed, and if the evidence is so conflicting or contradictory, or so evenly balanced, that the jury are left in doubt upon the whole evidence as to whether Henry Martin did or did not entirely write, date and sign this instrument by his own hand, the proponents must fail, and the answer of the jury on this issue must be ''No.''

While the law provides that every custodian of a will must deliver the same to the superior court having jurisdiction within thirty days after receipt of information that the maker thereof is dead, still the only consequence the law imposes for a failure to comply with this provision is to make the person failing responsible for all damages sustained by anyone injured thereby; and if no one is injured or damaged thereby, the law can impose no penalty and the law further provides that the proponent here, John B. Martin, was not compelled to object to the application for the admission to probate of the first will, that dated May 16, 1894, at the time it was offered, nor was he, the child, bound to file his petition for the revocation of the admission to probate of the first will, so called, of May 16, 1890, nor for the probate of the second will, so called, of February 23, 1893, immediately after the admission to probate of the first will, so called, for the law gave to him the right to file his said petition at any time within one year after the admission to probate of the first will, so called, which was on the fourteenth day of April, 1893.

---

The Burden of Proof and the Manner of Procedure in Will Contests have been involved in considerable doubt and confusion under the statutory rule that the contestant is the plaintiff and the petitioner is the defendant. Recent decisions on this question are Estate of McDermott, 148 Cal. 43, 82 Pac. 842; Estate of McKenna, 143 Cal. 580, 77 Pac. 461; Estate of Latour, 140 Cal. 414, 73 Pac. 1070; Estate of Dolbeer, 149 Cal. 227, 86 Pac. 695; Estate of Van Alstine, 26 Utah, 193, 72 Pac. 942.